ALD-279                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3972
_____

UNITED STATES OF AMERICA

v.

CHARLES BRIAN GRIFFIN,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. Action No. 2:13-cr-00032-001)
District Judge: Honorable Gustave Diamond
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2016

Before: AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: June 13, 2016)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Charles Griffin, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will summarily affirm the judgment of the District Court.

In December 2013, Griffin pleaded guilty to drug charges involving the distribution of oxycodone in violation of 21 U.S.C. § 846. Griffin's Sentencing Guidelines range called for a term of 70 to 87 months' imprisonment. The District Court considered the sentencing factors under 18 U.S.C. § 3553(a) and exercised its discretion to vary downward and imposed a sentence of 40 months in prison followed by three years of supervised release. One term of the supervised release is treatment for gambling addiction. Griffin did not appeal from his judgment of sentence.

In 2015, Griffin filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines, which lowered the base offense levels for crack cocaine as well as other drug offenses. The District Court found that Amendment 782 lowered Griffin's sentencing range to a minimum of 57 months. Because Griffin's 40-month prison term was already lower than that new minimum, the District Court denied Griffin's motion. This appeal followed.

On appeal, the government has moved that we dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) or, in the alternative, that we affirm the District Court's judgment pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6. We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo the District Court's interpretation of the Sentencing Guidelines. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review the District Court's ruling on a motion to reduce a sentence under § 3582(c)(2) for an abuse of discretion. Id.

Under § 3582(c)(2), a court may reduce a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2). Any such reduction must be consistent with applicable policy statements issued by the Sentencing Commission. Id. The relevant policy statement here provides that a court shall not reduce a defendant's sentence under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range, except if the original sentence imposed was below the guideline range as a result of a motion to reflect a defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(A), (B).

Here, Griffin's original sentence was not below the guideline range as a result of a motion to reflect his substantial assistance. See United States v. Berberena, 694 F.3d 514, 518-19 (3d Cir. 2012) (noting that this is the only situation when a reduction below the bottom of a prisoner's amended range is allowed). There is therefore no applicable authority to reduce Griffin's sentence as a result of Amendment 782. See U.S.S.G. § 1B1.10(b)(2)(A); United States v. Dillon, 560 U.S. 817, 831 (2010). Nor is there any basis, as Griffin posits, for Griffin to serve the remainder of his term in home confinement because of his concern that he will relapse in his gambling addiction. Treatment for gambling addiction is a condition of Griffin's supervised release, and as

3

the government pointed out in its brief on appeal, Griffin has the option of seeking a modification of his sentence to request an additional period of home confinement beyond his prison term.

Consequently, this appeal presents no substantial question and we will affirm the District Court's judgment denying Griffin's motion to reduce his sentence.